·No. 2102.—STATE OF LOUISIANA *v.* WATKINS AND NELSON.

In criminal cases the Supreme Court has jurisdiction on questions of law only.   Constitution, article 74.   Questions of continuance, and the grounds of the motion to quash, depending solely on facts, cannot be examined on apppeal.

APPEAL from the District Court, parish of St Helena. *Ellis, J. Bolivar Edwards,* District Attorney, for the State, *C. J. Bradley,* for defendants and appellants.

HOWELL, J.   On the eighteenth day of May, 1868, the defendants Brandon Watkins and Peter Nelson were indicted by a grand jury in the parish of Livingston, for murder.   In October following, a change of venue to the parish of St. Helena was obtained, where, on the twelfth of November, same year, a *nolle prosequi* was entered as to Peter Nelson, and a motion was made by Watkins, the other defendant,

to quash the indictment on the ground that Darlin B. Cason, Perry Watts and other members of the grand jury who found the true bill, were incompetent jurors under the acts of Congress, known as the reconstruction laws, because they were not registered as voters of the parish of Livingston, which motion was accompanied by the affidavit of the accused for a continuance, to procure evidence to support and prove the allegations of the motion, the grounds for continuance being that he had just discovered that the said jurors were not registered as voters at the date of the said finding, and he had not had time to procure the evidence of their incompetency, which existed in the records of the parish of Livingston, and the said records could be obtained by the sixteenth of the month, four days. This motion was overruled, a bill of exceptions reserved and the trial resulted in a verdict of guilty, without capital punishment, upon which judgment was rendered, and two days thereafter sentence was pronounced, whereupon this appeal was taken.

The question of continuance as presented in the bill of exceptions and the grounds of the motion to quash, depend on facts of which we have no jurisdiction; and our attention is not called to, nor do we see any error on the face of the record.

Judgment affirmed.